IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **VICTORIA BURNETT** <br> 270 Eareckson Lane <br> Stevensville, MD 21666 <br><br> PLAINTIFF, <br><br> v. <br><br> **ANNA BEVACQUA-BREWER** <br> 4021 Mesa Drive <br> Plano, Texas 75074 <br><br> and <br><br> **EXCESS BAGGAGE** <br> 4021 Mesa Drive <br> Plano, Texas 75074 <br><br> **DEFENDANTS.** | : <br> : <br> : <br> : <br> : <br> : <br> : Case No. <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## COMPLAINT

Plaintiff Victoria Burnett ("Plaintiff") files this Complaint against Defendants Anna Bevacqua-Brewer ("BREWER") and EXCESS BAGGAGE, on information and belief a taxable entity incorporated in the State of Texas (collectively "Defendants").

## NATURE OF THE ACTION

1. This is an action for design patent infringement arising out of Defendants' willful and intentional acts, in violation of the patent laws of the United States.

2. Plaintiff has undertaken significant effort and expense to protect her intellectual property, including by obtaining a design patent from the United States Patent and Trademark Office for the "ornamental design for a suitcase pet bed."

1

3.     Despite Plaintiff's intellectual property rights, Defendants have willfully infringed and continue to willfully infringe Plaintiff's rights, including by manufacturing, offering to sell, and selling products that infringe this design patent.

## PARTIES

4.     Plaintiff is a natural person residing in Maryland. Plaintiff owns, and at all relevant times has owned, U.S. Design Patent D677,840 for the "ornamental design for a suitcase pet bed" ("the '840 patent", a copy of which is attached hereto as **Exhibit A**).

5.     Defendant BREWER is a natural person who, on information and belief, resides at 4021 Mesa Drive, Plano, Texas 75074. BREWER has manufactured, sold, and offered for sale, products that infringe the '840 patent. BREWER has offered to sell products, including the infringing products, throughout the United States, including to persons residing in this District.

6.     Defendant EXCESS BAGGAGE is, on information and belief, a sole proprietorship or other business entity that BREWER owns and/or operates. Per its website,[1] EXCESS BAGGAGE is located in Plano, Texas. EXCESS BAGGAGE has manufactured, sold, and offered for sale, products that infringe the '840 patent. EXCESS BAGGAGE has offered to sell products, including the infringing products throughout the United States, including to persons residing in this District.

7.     Plaintiff is informed and believes that BREWER owns and/or operates EXCESS BAGGAGE. For instance, the EXCESS BAGGAGE website contains an "About Us" web page that provides a picture of BREWER and a brief autobiography. The "About Us" web page on the EXCESS BAGGAGE website does not provide a picture or biography of any other persons.

---

[1] Available at http://www.suitcasepedbeds.com. Last Accessed May 27, 2014.

## JURISDICTION AND VENUE

8. This claim arises under the patent laws of the United States, 35 U.S.C. 1, *et seq*. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because Defendants have made available through online sales, have offered to sell, have advertised for sale, infringing products throughout the United States, including to persons residing in this District.

10. Through the EXCESS BAGGAGE website, through the ETSY web shop, and through other websites including <www.facebook.com> and <www.pinterest.com>, Defendants have sold and/or offered to sell its products, including the infringing products, throughout the United States, including to persons residing in this District.

11. Through their infringing activity, Defendants have harmed Plaintiff, a resident of this District.

12. Venue is proper in this District because Defendants transact business within this District and offer for sale in this District products that infringe Plaintiff's patent.

## FACTS

13. Plaintiff owns the valid '840 patent, which provides her intellectual property rights for the "ornamental design for a suitcase pet bed."

14. Plaintiff has not licensed or otherwise provided Defendants permission to manufacture, sell, or offer to sell their infringing products. Defendants are not authorized to do so.

15. Defendants manufacture, sell, and/or offer to sell, products that infringe that patent. These products bear a design that is identical or substantially similar to Plaintiff's patented design.

16.     A number of Defendants' infringing products can be seen on the EXCESS BAGGAGE website and have previously been shown on the ETSY web page, on the website <www.facebook.com>, the website <www.pinterest.com>, and elsewhere.

17.     In the autobiography on the EXCESS BAGGAGE website, BREWER states that she has sold several similar products "on Etsy.com in a shop called Spaghetteria." That sentence links to a web page on the website <www.etsy.com> ("the ETSY web shop").[2]

18.     Per the ETSY web shop, BREWER is the "Owner, Maker, Designer, Curator" of products that infringe on Plaintiff's design patent. The ETSY web shop also provides the web address for the EXCESS BAGGAGE website.

19.     BREWER previously sold and/or offered for sale the infringing products on the ETSY web shop. On information and belief, BREWER removed her infringing products from the ETSY web shop because such infringement violated the ETSY website terms and conditions.

20.     Despite having removed infringing products from her ETSY web shop, BREWER continues to infringe Plaintiff's patent. BREWER still provides, via the ETSY web shop, the web address for the EXCESS BAGGAGE website through which BREWER continues to sell and offer for sale products that infringe the '840 patent.

21.     BREWER, including by and through EXCESS BAGGAGE and by and through her ETSY web page, has sold and offered for sale products infringing the '840 patent.

22.     At least as late as February 6, 2014, the EXCESS BAGGAGE website stated that EXCESS BAGGAGE had a "Patent Pending on 3 designs."

23.     On or about March 27, 2014, Plaintiff, through counsel, contacted BREWER regarding her sale of infringing products, including through the ETSY web shop and through the EXCESS BAGGAGE website, informing BREWER that it could not find any evidence that there

---

[2] Available at https://www.etsy.com/shop/Spaghetteria.  Last accessed May 27, 2014.

was a "patent pending on 3 designs," and asking BREWER to support her claim that there was a "patent pending on 3 designs."

24. After receiving no response, on or about May 2, 2014, Plaintiff, through counsel, again contacted BREWER. Plaintiff received a response through BREWER's counsel on or around May 15, 2014.

25. As of May 27, 2014, BREWER, including through the EXCESS BAGGAGE website, continues to sell or offer to sell infringing products. However, the EXCESS BAGGAGE website no longer states that it has any patents "pending."

## COUNT ONE: DESIGN PATENT INFRINGEMENT

26. Plaintiff incorporates by reference all preceding and subsequent paragraphs as if fully set forth herein.

27. Defendants have made, offered to sell, sold, and/or imported into the United States, and continue to make, offer to sell, sell, and/or import into the United States, products that infringe the '840 patent, without Plaintiff's authorization or license.

28. On information and belief, and as evidenced by Defendants' continued infringement after being informed that their products infringed Plaintiff's patent, Defendants' infringement has been intentional and willful. This is thereby an exceptional case.

29. Due to Defendants' infringement of the '840 patent, Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury.

30. Due to Defendants' infringement of the '840 patent, Defendants have profited and are profiting, and Plaintiff has been and is being damaged and losing profit. Plaintiff is entitled to recover damages from Defendants, including, *inter alia*, the total profit Defendants have derived by their infringement of the '840 patent, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for:

a. Judgment that Defendants willfully infringed the '840 patent in violation of 35 U.S.C. § 271(a);

b. An injunction against Defendants and any of their agents, servants, employees, and/or officers, from further infringement of the '840 patent;

c. An award of damages adequate to compensate Plaintiff for the patent infringement that has occurred, pursuant to 35 U.S.C. § 284, which amount shall be trebled as a result of Defendants' willful patent infringement, or an award of Defendants' profits from their infringement, pursuant to 35 U.S.C. § 289, whichever is greater, together with prejudgment interests and costs in an amount no less than $300,000.00;

d. An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest;

e. An order directing Defendants to pay punitive damages to Plaintiff, sufficient to deter future infringing activity; and

f. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

|  |  |
|---|---|
| | Respectfully submitted, |
| | */S/ Daniel S. Ward* |
| May 28, 2014 | _____ |
| | Daniel S. Ward (Bar #26429) |
| | Ward & Ward P.L.L.C. |
| | 2020 N Street, NW |
| | Washington, DC 20036 |
| | (202) 331-8160 |
| | dan@wardlawdc.com |
| | |
| | ATTORNEY FOR PLAINTIFF |
| | VICTORIA BURNETT |